Cite as: 563 U. S. \_\_\_\_ (2011)          1

# SUPREME COURT OF THE UNITED STATES

### JAMAL KIYEMBA, ET AL., PETITIONERS *v.* BARACK H. OBAMA, PRESIDENT OF THE UNITED STATES, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 10–775.   Decided April 18, 2011

The motion of petitioners for leave to file a supplemental brief under seal is granted.  The petition for a writ of certiorari is denied.  JUSTICE KAGAN took no part in the consideration or decision of this motion and this petition.

Statement of JUSTICE BREYER, with whom JUSTICE KENNEDY, JUSTICE GINSBURG, and JUSTICE SOTOMAYOR join, respecting the denial of the petition for writ of certiorari.

Petitioners have been held for several years in custody at Guantanamo Bay, Cuba—a detention that the Government agrees was without lawful cause.  Brief in Opposition 2.  They seek a judicial order that would require their release from custody *into the United States*.  The District Court concluded that the law entitled petitioners to such an order.  *In re Guantanamo Bay Detainee Litigation*, 581 F. Supp. 2d 33 (DC 2008).  The Court of Appeals held to the contrary.  *Kiyemba* v. *Obama*, 555 F. 3d 1022 (CADC 2009).  And this Court initially granted certiorari to resolve the important question whether a district court may order the release of an unlawfully held prisoner into the United States *where no other remedy is available. Kiyemba* v. *Obama*, 558 U. S. \_\_\_ (2009).

The Court subsequently learned that each of the remaining petitioners had received and rejected at least two offers of resettlement.  In light of these changed circumstances, the Court vacated the Court of Appeals' decision

and remanded the case to the lower courts to "determine, in the first instance, what further proceedings in that court or in the District Court are necessary and appropriate for the full and prompt disposition of the case in light of the new developments." *Kiyemba* v. *Obama*, 559 U. S. ___, ___–___ (2010) *(per curiam)* (slip op., at 1–2). The Court of Appeals found that no further proceedings were necessary and reinstated its prior opinion as modified. 605 F. 3d 1046 (CADC 2010) *(per curiam)*. Petitioners have asked this Court to review the Court of Appeals' decision.

Judge Rogers, separately concurring in the Court of Appeals' judgment on remand, pointed out that petitioners have "received two offers of resettlement in countries [including Palau, which] the United States determined 'appropriate.'" *Id.,* at 1050, n. 3. She added that petitioners have "neither allege[d] nor proffer[ed]" any evidence that accepting these offers would have threatened them with a risk of "torture" or any "other harm," the need to avoid which might provide reason to believe the offers are not appropriate. *Id.*, at 1050. At the same time, the Government tells us that "if petitioners were to express interest, the United States would again discuss the matter with the government of Palau [and that it] continues to work to find other options for resettlement." Brief in Opposition 13, n. 7.

In my view, these offers, the lack of any meaningful challenge as to their appropriateness, and the Government's uncontested commitment to continue to work to resettle petitioners transform petitioners' claim. Under present circumstances, I see no Government-imposed obstacle to petitioners' timely release and appropriate resettlement. Accordingly, I join in the Court's denial of certiorari. Should circumstances materially change, however, petitioners may of course raise their original issue (or related issues) again in the lower courts and in this Court.